CARLO ARLIA *vs.* JOSEPH PATE *et ux.*

MAY 24, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a bill in equity to establish a resulting trust. The cause was heard on its merits in the superior court on bill, answer in the nature of a cross bill, replication and proof. It is here on the appeals of both the complainant and the respondents from two separate decrees entered therein.

The bill of complaint alleges that complainant furnished the consideration for the purchase of three parcels of real estate in the city of Providence severally described in the

first, second and third paragraphs of the bill but that title was taken in the names of respondents.

The respondents first filed an answer denying all the allegations except that complainant had requested them to execute and deliver to him deeds to the property, but that respondents have refused to do so. They also alleged, in the nature of a cross bill, that in 1930 the parties orally entered into an equal partnership agreement to deal in real estate, and they prayed among other things for an accounting and for the appointment of receivers. In the last paragraph respondents alleged that for two years they had been trying to make an equitable adjustment with the complainant but that he had unjustly and inequitably refused to comply with respondents' reasonable request. Nearly five months later respondents filed an amended answer in which they alleged that the parties had made a compromise whereby respondents were to quitclaim to complainant all their interest in any property which stood in their names except a three-family dwelling; that complainant was to sign a release to respondents; and that the "respondents duly executed said quitclaim deed but the complainant refused to sign the release."

Before the case was heard on its merits a hearing was held before the presiding justice of the superior court on the prayer contained in respondents' cross bill for the appointment of receivers. Over the objection of complainant the then attorneys for the parties were appointed coreceivers.

When the case came on to be heard before an associate justice of the superior court the parties agreed that the bill might be taken as confessed against respondents as to the real estate described in the first paragraph thereof. Thereupon a decree was entered awarding that property to complainant and respondents signed a deed thereof to him.

At the conclusion of a lengthy hearing the trial justice found that a resulting trust had been established and he

ordered respondents to convey to complainant the other two parcels described in the second and third paragraphs of the bill of complaint. He also found against respondents on their claims of a partnership and the compromise settlement agreement. From the decree entered in accordance with this decision respondents appealed to this court.

Most of their reasons of appeal are general. The only specific claim is that the trial justice erred in deciding that complainant was the owner of the real estate described in the second and third paragraphs of the bill of complaint by way of a resulting trust. None of the reasons of appeal attack the findings against respondents on their claims of partnership and compromise.

While the appeal of respondents was pending in this court the receivers filed their interim report and account in the superior court and asked that it be approved and that they be awarded fees from June 13, 1954 to July 1, 1955. This matter came on for hearing before the presiding justice who had appointed the receivers. The complainant did not object to the account or to the fees requested but he objected to the fees being taken out of the receivership funds.

The presiding justice then asked if the matter ought not to be referred to the trial justice who heard the main case. Thereupon respondents' attorney stated that he saw nothing unusual in the case and complainant's counsel did not ask for a referral. His position in effect was that having won, the fees should not be taken from his property. The funds in the hands of the receivers were derived from the rents from the real estate in question. The presiding justice then fixed the fees at $1,200. While that decree does not specifically provide that the fees shall come out of the receivership funds, both parties agree that this is its effect. From this decree complainant has appealed. The specific reasons of appeal state the substance of complainant's claim before the presiding justice.

When the two appeals came on for hearing in this court respondents immediately withdrew their attack upon the first decree on the ground that the trial justice should have found a partnership and stated that they were relying solely upon the claim that he committed error in finding against their claim of compromise. They devoted most of their time to the other appeal, which we will discuss later.

The trial justice gave an oral decision in which he said among other things that he was not satisfied with the credibility of Mr. Pate and he commented unfavorably upon the failure of Mrs. Pate, the other respondent, to testify. He stated it was probable that complainant owed Mr. Pate some money because of payments he had made on account of property not mentioned in the bill of complaint, but he said that a settlement was "never finally agreed upon." That conclusion is strongly supported by respondents' change of position in their amendment to their answer.

It is well settled that we will not reverse the decision of the trial justice unless he is clearly wrong. We are satisfied that he was not clearly wrong in deciding against respondents on their defense of compromise, which was the only attack against the decree that was not abandoned. The appeal of respondents is, therefore, denied.

We now turn to the appeal of complainant from the allowance of the receivers' fees. The short transcript covering the hearing on this matter is taken up wholly with the statements of counsel and remarks of the court. No evidence was offered. The only reason that complainant objected to the receivers being paid out of the receivership funds was the fact that he had prevailed in the main case.

In 45 Am. Jur., Receivers §290, at page 224, it is stated: "Courts generally are vested with large discretion in determining who shall pay the cost and expenses of receiverships. The court may assess the costs of a receivership against the fund or property in receivership or against the appli-

cant for the receivership, or it may apportion them among the parties, depending upon circumstances."

In our judgment the receivers are not to be denied payment out of the funds of a receivership solely because the party who sought their appointment over the objection of the other party failed to prevail in the main case. While there may be some facts that would have supported another conclusion, the question must be determined on the facts presented. We must decide whether the presiding justice abused his discretion on the facts that were presented to him. We are satisfied that he did not do so.

The appeals of both the complainant and the respondents are denied and dismissed, the decrees appealed from are affirmed, and the cause is remanded to the superior court for further proceedings.

*Americo Campanella, Aram A. Arabian,* for complainant.

*J. Raymond Dubee, Vincent Ragosta,* for respondents.